MARGARET WALKER *v.* H. V. PRETHOFF ET AL.

[Abstract Kentucky Law Reporter, Vol. 2—390.]

**Liens on Real Estate.**

Where a husband and wife convey real estate, reserving in the deed a lien for the sum of $75 per year so long as either or both of the grantors shall live, the creditors of the vendee have no liens upon the land, and the lien of the grantors must be first paid out of the rents and profits.

**Homestead.**

The widow of a grantee of 44 acres of land, upon which she lives, is entitled for herself and infant son, as against her husband's creditors, to a homestead of the value of $1,000 to be laid off to her so as to include the dwelling-house, but her homestead lien is subject to a lien of her husband's father and mother who conveyed the land to him, reserving in the deed a lien of $75 per year for their benefit.

APPEAL FROM GREENUP CIRCUIT COURT.

April 12, 1881.

OPINION BY JUDGE HARGIS:

The deed from Robert Walker and his wife, Margaret, to John H. Walker, reserved a lien for the sum of $75 per year so long as either or both of the grantors should live, to be paid triannually to them, or either of them if one should survive the other.

The creditors of the vendee have no liens upon the land embraced by the conveyance, according to the facts disclosed by the record. The lien in favor of the appellant, Margaret Walker, for the $75 payable annually, as directed by Robert Walker's will, is superior to their claims, and she must be first paid out of the rents and profits of the land.

The appellee, Emily Walker, for herself and infant son, is entitled, as against her coappellees and their claims, to a homestead of the value of $1,000, to be laid off to her so as to include the dwelling-house, but subject to the appellant's lien. The homestead, being laid off, will remain as it is, but the excess of 13½ acres, and so much of the 30½ acres as constitutes the homestead, should be rented annually until the amount due the appellant from May 16, 1875, with interest in annual rents to date, shall have been paid. Afterwards, so much of the whole tract as shall be necessary, first renting the 13½ acres, should be rented annually to pay the appellant's $75 per annum as it falls due.

The appellee, Prethoff, should be required to pay into court the rent received by him; and this amount, with any accumulated rents under the court's control, should be paid to the appellant at once and credited on the sum due her.

The evidence shows that the rent of the 13½ acres is insufficient to raise the sum which will become due to the appellant annually during the remainder of her life, and as the sum accumulated in her behalf is considerably larger than the amount that will become due to her annually, the appellees, who are creditors of John H. Walker, have not shown themselves entitled to any of the rents of any part of the 44 acres of land, in view of the superior claim

of the appellant and of the right to a homestead by the appellee, Emily Walker.

Wherefore the judgment is *reversed* with directions to render judgment in conformity with this opinion.

*Roe & Roe, T. H. Paynter, for appellant.*

*J. Davidson, for appellees.*